UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LIONEL GIBSON,                                   )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     )     No. 1:22-cv-02243-SEB-KMB
                                                 )
K. CAMPBELL,                                     )
KRUL,                                            )
HANNAH WINNINGHAM,                               )
MYRA STROBEL,                                    )
                                                 )
                    Defendants.                  )

**ORDER OF DISMISSAL**

Lionel Gibson, a prisoner at New Castle Correctional Facility, brings this lawsuit alleging that prison officials delayed his access to mail sent from this Court in relation to a prison disciplinary habeas petition and from the Indiana Court of Appeals in relation to an appeal challenging the denial of his motion to correct erroneous sentence. (Docket 1) (citing *Gibson v. Sevier*, Case No. 1:20-cv-940-TWP-MJD, 2021 WL 3860294 (S.D. Ind. August 30, 2021); *Gibson v. State*, 2021 WL 3860294 (Ind. Ct. App. March 18, 2021)).

The Court dismissed the complaint because it did not include a viable federal claim. (Docket Entry 11). The Court construed the complaint as seeking to bring access-to-courts claims. (*Id.*). In dismissing these claims, the Court reasoned as follows: (1) neither the habeas petition nor the state court appeal involved a "potentially meritorious claim"; (2) the confiscation of legal mail could not have prejudiced Mr. Gibson's claims in those actions because his mail was given to him after only brief delays; and (3) his access-to-courts claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 5). The Court ordered Mr. Gibson to show cause why this action should not be dismissed. (*Id.* at 6-7).

1

In response to the show cause order, Mr. Gibson states that he seeks to bring Eighth Amendment deliberate indifference claims based on the alleged confiscation of his legal mail. (Docket 13 at 3-5). The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Stockton v. Milwaukee County*, 44 F.4th 605, 614 (7th Cir. 2022) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To be liable under the Eighth Amendment, the defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Stockton*, 44 F.4th at 615. Nothing in the complaint suggests that the delays in mail access put Mr. Gibson at a substantial risk of serious bodily harm. Accordingly, any claims he seeks to bring under the Eighth Amendment based on the allegations in the complaint are **DISMISSED**.

Mr. Gibson also cites *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) for the proposition that a prisoner's allegation that his legal mail was opened, delayed for an inordinate period of time, and sometimes stolen states a First Amendment claim. (Docket 13 at 6). He also argues that the plaintiff in *Antonelli* was allowed to proceed on Eighth Amendment deliberate indifference claims based on confiscated legal mail.

*Antonelli* does not aid Mr. Gibson's First Amendment or Eighth Amendment claims. First, the deliberate indifference claims that survived dismissal in *Antonelli* arose from a pest infestation, not access to legal mail. *Antonelli*, 81 F.3d at 1431. Second, *Antonelli* makes clear that "[t]he district court was correct that prison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right." *Id.* The Seventh Circuit allowed the plaintiff's First Amendment legal mail claims to proceed because "Antonelli's allegation is written in broader terms; it alleges that 'legal mail' was opened. This allegation could include privileged mail to or from an attorney." *Id.* at 1432. In this case, however, Mr. Gibson makes clear that he is accusing

the defendants of confiscating, opening, or delaying mail that he received from this Court and the

Indiana Court of Appeals, rather than privileged mail from an attorney. (Docket Entries 1, 13).

Thus, any claims Mr. Gibson seeks to bring over the confiscation of "legal mail" are **DISMISSED**.

Mr. Gibson also cites *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) for the proposition

that prisoners have a general First Amendment right to send and receive mail, irrespective of

whether the mail is considered "legal mail," and that interfering with an inmate's mail may give

rise to a First Amendment violation.

The complaint alleges two incidents when Mr. Gibson's legal mail was delayed. First, this

Court sent Mr. Gibson a discovery order on December 29, 2020, that he did not receive until

January 5, 2021. (Docket Entry at ¶¶ 11-12).[1] Second, the Indiana Court of Appeals sent

Mr. Gibson a Notice of Defect on February 12, 2021, that he did not receive until March 15, 2021.

(*Id.* at ¶ 15).

Like the plaintiff in *Rowe*, Mr. Gibson "[does] not allege that prison regulations governing

incoming mail were unconstitutional, but instead allege[s] that the conduct of the individual

defendants interfered with the timely receipt of incoming mail." *Rowe* 196 F.3d at 782.

The Seventh Circuit held that such allegations are "legally insufficient to state a First Amendment

claim." *Id.* The Seventh Circuit explained:

> [i]n holding as we do, we want to emphasize that merely alleging an isolated delay
> or some other relatively short-term, non content-based disruption in the delivery of
> inmate reading materials will not support, even as against a motion to dismiss, a
> cause of action grounded upon the First Amendment.

*Id.*

---

[1] In the complaint, Mr. Gibson alleged that "unsealed documents" connected to the discovery order in his
disciplinary habeas case were confiscated by prison officials and "not returned." (Docket Entry 1 at ¶ 13).
As the Court explained in the screening order, this allegation is demonstrably incorrect. (Docket Entry 11)
(quoting *Gibson*, 2021 WL 3860294 at * 7 ("Because of the [respondent's objection to the Magistrate's
discovery order], the records remain sealed and have not been issued to Gibson.")).

Mr. Gibson's allegations that his mail was delayed twice over the period of a few months are legally insufficient to state a First Amendment claim. Accordingly, any First Amendment claims that Mr. Gibson seeks to bring on the theory that prison officials delayed access to his mail are **DISMISSED**.

Mr. Gibson's complaint does not state a viable federal claim. Accordingly, his federal claims are **DISMISSED WITH PREJUDICE**, and his state law claims are **DISMISSED WITHOUT PREJUDICE**. Final judgment in accordance with this order and the screening order, Docket Entry 11, shall now issue.

**IT IS SO ORDERED**.

Date:  6/6/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362